The Honorable R.B. Shore Clerk of the Circuit Court Manatee County Post Office Box 1000 Bradenton, Florida 34206
Dear Mr. Shore:
You have asked substantially the following question:
 What constitutes "initial nonenforceable civil process" pursuant to s. 48.021, F.S., as amended by s. 1, Ch. 88-135, Laws of Florida?
In sum:
 "Initial nonenforceable civil process" is that initial civil process which is not required by statute to be served by the sheriff.
Section 48.021(1), F.S., as amended by s. 1, Ch. 88-135, Laws of Florida, provides in part that "[a]ll process shall be served by the sheriff of the county where the person to be served is found, except initial nonenforceable civil process may be served by a special process server as provided for in this section or by a certified process server as provided for in ss. 48.25-48.31."[1]
The underscored language represents the amendment. Pursuant to the act, a certified process server[2] is authorized "to serve initial nonenforceable civil process on a person found within the circuit when a civil action has been filed against such person in the circuit or county courts in the circuit."[3]
No definition is provided in Ch. 88-135, Laws of Florida, for the term "initial nonenforceable civil process" nor does an examination of the legislative history of this chapter reveal any such definition.[4] However, words of common usage, when used in a statute, should be construed in their plain and ordinary sense.[5]
"Process" has been determined to be:
 [T]he means by which the court compels defendants to appear in court in civil and criminal cases. The term is interchangeable with the term `writ,' and includes warrants of arrest, writs of attachment, garnishment, and execution, and other forms of original, mesne and final process by which a party or his property is brought before the court and subjected to its jurisdiction.[6]
"Initial" is defined as: "of or relating to the beginning: marking the commencement",[7] and as "[t]hat which begins or stands at the beginning. . . ."[8] The prefix "non" is the common prefix of negation.[9] The word "enforce" is defined as to "compel"[10]
and "to carry out effectively."[11] Thus, s. 1, Ch. 88-135, supra, authorizes the service of certain beginning process, in the nature of original process,[12] in civil actions in circuit or county court by a certified process server rather than by the sheriff. Such process appears to be that which is not capable of being compelled or carried out.
The Florida Certified Process Server Act, supra, provides:
 Nothing herein shall be interpreted to exclude a sheriff or deputy or other person appointed by the sheriff pursuant to s. 48.021 from serving process or to exclude a person from appointment by individual motion and order to serve process in any civil action in accordance with Rule 1.070(b) of the Florida Rules of Civil Procedure.
Further, the provisions of Ch. 48, F.S., which relate to process and the service of process, "are cumulative to other provisions of law or rules of court about service of process. . . ."[13]
Therefore, the provisions of Ch. 48, F.S., including the amendment to s. 48.091(1), F.S., should be read together with other statutes relating to service of process to determine the scope and operation of the amended statute.[14]
While this office cannot list each writ or process which may be served by a special process server pursuant to s. 48.021(1), F.S., as amended by s. 1, Ch. 88-135, Laws of Florida, those initial nonenforceable civil writs or processes which may be served in this manner may be identified by determining that there is no statutory directive that the sheriff perform such service of process.[15]
The Legislature may wish to revisit this matter in an effort to clarify what constitutes "initial nonenforceable civil process."
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Sections 48.25-48.31, F.S., the "Florida Certified Process Server Act," authorize the chief judge of each judicial circuit to establish a list of persons designated as certified process servers who must meet certain requirements for certification and who, upon certification, shall be authorized to serve initial nonenforceable civil process.
[2] See, s. 48.29, F.S., which sets forth the requirements and process for certification of process servers.
[3] Section 48.27(2), F.S., as created by s. 3, Ch. 88-135, Laws of Florida.
[4] See, Senate Staff Analysis and Economic Impact Statement of CS/SB 484, revised April 20, 1988, by the Judiciary-Civil Committee; Tape of Judiciary-Civil Committee Hearing on CS/SB 484, March 3, 1988; Tape of Judiciary-Civil Committee on CS/SB 484, April 19, 1988.
[5] See, e.g., Citizens of State v. Public Service Commission,425 So.2d 534 (Fla. 1982).
[6] 41 Fla.Jur.2d Process s. 1. And see, Black's Law Dictionary 1370 (rev. 4th ed. 1968) defining "process" as "those formal instruments called `writs' "; and 72 C.J.S. Process s. 2, stating that "The term `process' in its broadest sense is equivalent to `procedure,' and in a narrow sense it is limited to judicial writs in an action or writs or writings issued from or out of a court under the seal thereof and returnable thereto."
[7] Webster's Third New International Dictionary 1163 (unabridged ed. 1981).
[8] Black's Law Dictionary 923 (rev. 4th ed. 1968).
[9] Id. at 1200.
[10] Supra, footnote 7 at 751.
[11] Webster's New collegiate Dictionary 377 (1975).
[12] Original process gives notice to the party to whom it is addressed that a proceeding has been filed against him or her. It is the means by which he or she is afforded the opportunity to defend the suit. Original process vests jurisdiction in the court hearing the controversy. See generally, 41 Fla.Jur.2d Process s. 2.
[13] Section 48.22, F.S.
[14] See, Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944) (When two statutes relate to common things or have a common or related purpose, they are said to be pari materia, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preverse the force and effect of each.)
[15] Cf., s. 56.031, F.S. (all executions shall be directed to the sheriff); s. 76.13(1), F.S. (writ of attachment shall command the sheriff to attach and take into custody real and personal property sufficient to satisfy a debt); s. 76.13(2), F.S. (writ in aid of suit to foreclose mortgages is to be executed by the sheriff); s.78.08, F.S. (writ of replevin directed to the sheriff); s. 79.03, F.S. (writ of habeas corpus served by the sheriff); s. 83.13, F.S. (execution by the sheriff of distress writ for amount of rent due); s. 83.62, F.S. (writ restoring possession of premises to landlord to be issued to sheriff).